# IN THE COURT OF APPEALS OF IOWA

No. 22-1858
Filed February 22, 2023

**IN THE INTEREST OF C.B. and B.B.,**
**Minor Children,**

**N.W., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Benton County, Carrie K. Bryner,

District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Kristin L. Denniger, Mount Vernon, for appellant mother.

Brenna Bird, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

Rebecca Williams, Cedar Rapids, attorney and guardian ad litem for minor

children.

Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

The juvenile court terminated the parental rights of both parents of C.B. (born in 2010) and B.B. (born in 2013). Only the mother appeals.

We review termination-of-parental-rights rulings de novo. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). Our review in such cases follows a three-step process of determining whether (1) a statutory ground for termination exists, (2) termination is in the best interests of the children, and (3) a permissive exception to termination under Iowa Code section 232.116(3) (2022) should be applied to avoid termination. *In re M.W.*, 876 N.W.2d 212, 219–20 (Iowa 2016). The mother challenges the first two steps.

The court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(d) and (f). When termination is ordered on more than one ground, we may affirm if the record supports termination on any of the grounds. *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We choose to focus on ground (f), which permits termination upon proof of four elements: (1) a child is four years of age or older; (2) the child has been adjudicated a child in need of assistance (CINA); (3) the child has been removed from the physical custody of the child's parents for the last twelve consecutive months and any trial period at home has been less than thirty days; and (4) there is clear and convincing evidence that the child cannot be returned to a parent's custody at the time of the termination hearing. Iowa Code § 232.116(1)(f); *In re A.C.*, No. 22-1443, 2022 WL 16986259, at *1 (Iowa Ct. App. Nov. 17, 2022). The mother challenges only the fourth element, arguing the children could have been returned to her custody at the time of the termination hearing.

After our de novo review, we agree with the juvenile court that the children could not be returned to the custody of their mother. This family has a history of involvement with the Iowa Department of Health and Human Services (HHS) and the juvenile court dating back to 2014. Such involvement started due to domestic violence between and substance abuse by the parents. Previous CINA proceedings were closed after a district court order placed the children in the physical care of their father, with the mother having visitation. However, in early 2021, the family came back to the attention of HHS due to concerns about the father using methamphetamine and the mother using prescription drugs not prescribed to her. The parents refused to submit to drug testing, and the children were removed from the parents' custody in March. After CINA proceedings started, the mother continued to refuse drug testing. But she admitted to a service provider that, if she had submitted to testing, it would be positive for illegal substances. The children were adjudicated CINA in May.

Over the ensuing months, the mother missed numerous requested drug tests. When she did test, she was positive for methamphetamine, amphetamines, and/or marijuana. After several negative tests in the late fall, the mother's visits with the children progressed from supervised to semi-supervised. This progress was short-lived, as the mother again tested positive for methamphetamine in December. Her visits went back to fully supervised—the level of supervision at which visitation remained through the termination hearing in May 2022. In spite of the positive test, the mother continued to deny using methamphetamine. She submitted to a substance-abuse evaluation that recommended intensive outpatient treatment. Although the mother started treatment, she was unsuccessfully

discharged from treatment about one month before the termination hearing. The mother admitted that, when she has maintained a few months of sobriety, something will happen that makes her "snap" and she will begin using again.

In addition to her untreated drug problem, the mother's housing and personal life were also unstable. She bounced from place to place, sometimes living in her car or at campsites, and sometimes being homeless. She has not been able to maintain steady employment.

All of these facts lead us to conclude the children could not be safely returned to the mother's custody. *See A.B.*, 815 N.W.2d at 776 ("We have long recognized that an unresolved, severe, and chronic drug addiction can render a parent unfit to raise children."); *cf. In re R.A.*, No. 21-0746, 2021 WL 4891011, at *1 (Iowa Ct. App. Oct. 20, 2021) (collecting cases noting missed tests are presumed positive for illegal substances); *In re S.L.*, No. 19-0107, 2019 WL 1055689, at *2 (Iowa Ct. App. Mar. 6, 2019) (finding a child cannot be returned to a parent's custody when the parent has failed to progress past fully-supervised visits to semi-supervised or unsupervised visits); *In re D.M.*, No. 18-0086, 2018 WL 1433104, at *2 (Iowa Ct. App. Mar. 21, 2018) (collecting cases finding a child cannot be returned to a parent when the parent does not have stable housing or employment). As the children could not be safely returned to the mother's custody, grounds for termination under section 232.116(1)(f) were established.

The mother also asserts that termination is not in the children's best interests. Of course, even after we have determined that there are statutory grounds for termination, we must still decide whether termination is in the children's best interests. *A.B.*, 815 N.W.2d at 776. Making that decision requires us to "give

primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *Id.* (quoting Iowa Code § 232.116(2)).

Many of the facts that drive the conclusion that the children cannot be returned to the mother's custody also lead us to conclude that termination is in the children's best interests. *See In re A.M.*, No. 20-1684, 2021 WL 3074497, at *3 (Iowa Ct. App. July 21, 2021) (using many of the same facts that support a ground for termination to conclude termination is in the children's best interests). The mother relies heavily on her bond with the children in arguing that termination is not in the children's best interests. Given the ages of the children, we don't question that there is a significant bond between the mother and the children, and the ages of the children give us pause in deciding whether termination is in the children's best interests. But, after that pause, we conclude that termination is in the children's best interests.

A bond itself is not sufficient to avoid the need for termination. *In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021). The mother has been receiving services for over a year in the most recent CINA proceedings, and she had services in prior CINA proceedings. Despite all those services, she has not gained her footing with regard to employment, housing, or sobriety. *See In re A.S.*, 906 N.W.2d 467, 474–75 (Iowa 2018) (considering the fact that a parent had over a year of services without demonstrating an ability to resume custody of the child in determining termination was in the child's best interests). By the mother's own admission, she is unable to maintain sobriety for more than a few months before the stresses of

life cause her to "snap" and resume using illegal drugs. These children need and deserve better parenting than that. Parenting "must be constant, responsible, and reliable." *In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990). The mother has not demonstrated an ability to be those things. As a result, we agree with the juvenile court that termination is in the children's best interests.

**AFFIRMED.**